UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN M. ISAACSON,<br><br>Plaintiff,<br><br>v.<br><br>MARCIA L. FUDGE, Secretary of HUD; JULIA R. GORDON, Assistant Secretary of HUD and Federal Housing Administration Commissioner; and UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>Defendants. | CASE NO. 2:23-cv-00351-JHC<br><br>ORDER |

Before the Court are three motions: (1) Plaintiff Karen M. Isaacson's motion for default judgment (Dkt. # 9); (2) Defendants' (the government) Motion to Dismiss and Motion to Strike Motion for Default Judgment (Dkt. # 11); and (3) Plaintiff's "Motion to Strike Motion for Default Judgment and Motion in Opposition to Defendant's Motion to Dismiss" (Dkt. # 12).

For the reasons below, the Court:

(1) DENIES Plaintiff's motion for default judgment (Dkt. # 9);

(2) DENIES as moot Defendants' motion to dismiss/motion to strike (Dkt. # 11); and

(3) DENIES as moot Plaintiff's motion to strike (Dkt. # 12).

ORDER - 1

# I

## DISCUSSION

A.  Plaintiff's Motion for Default Judgment

Plaintiff moves for a default judgment. Dkt. # 9. Plaintiff provides one argument for her default-judgment motion: that the government has failed to appear. But at the time the default judgment motion was filed, the government had not been properly served. Isaacson did not provide proof that she had properly served the United States Attorney's Office or the United States Attorney General as required by Federal Rule of Civil Procedure 4(i). *See* Dkt. # 11 at 2–3 (Defendants' explanation of issues with service); Dkt. ## 6–8 (proof of service only for certain individual defendants and the United States Department of Housing and Urban Development).[1] After the motion for default judgment was filed, the government entered an appearance in the case. Dkt. # 10.

The Court denies the motion for default judgment. First, the government had not been properly served when the motion for default judgment was filed. *See Heifetz v. Breed Properties*, No. C 16-1490 CRB, 2017 WL 713303, at *3 (N.D. Cal. Feb. 23, 2017) ("Failed service cannot support the entry of a default judgment." (citing *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992)); *Trujillo v. Gogna*, No. 122CV00707JLTSAB, 2023 WL 2301717, at *4 (E.D. Cal. Mar. 1, 2023) ("As a general rule, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment."). Second, the government has since appeared in the matter, and the case can (and should) be decided on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."). Plaintiff appears to agree that the motion for

---

[1] However, as described in Defendants' brief, Isaacson has since cured this defect in service. Dkt. # 13.

default judgment should be denied.  Dkt. # 12 at 3 ("Defendant's Motion to Strike my Motion for Default Judgment should be upheld.").

B.      Defendants' Motion to Dismiss/Motion to Strike

Defendants move to dismiss the action for improper service and for lack of personal jurisdiction.  Dkt. # 11.  In the alternative, Defendants move to strike the motion for default judgment.  *Id.* at 4.

The Court denies as moot Defendants' motion.  In the reply brief, Defendants state that Plaintiff has since effectuated proper service.  Dkt. # 13 at 1.  So "the case does not need to be dismissed, and the HUD Defendants will respond to the Complaint within the time limits set forth in Federal Rule of Civil Procedure 15(a)(2)."  *Id.*  Accordingly, this case may proceed in the normal course.  And as described above, the Court has denied Plaintiff's motion for default judgment.  So Defendants' request to strike that motion is moot as well.

C.      Plaintiff's Counter-Motion

After Defendants filed their motion, Plaintiff responded with her own "Motion to Strike Motion for Default Judgment and Motion in Opposition to Defendant's Motion to Dismiss."  Dkt. # 12.

The Court denies the motion as moot.  Plaintiff's request to strike her own motion for default judgment is moot because the Court has denied that motion above.  The Court took under advisement Plaintiff's "opposition" to Defendants' motion to dismiss.  But as stated above, Defendants no longer seek dismissal, so her opposition to dismissal is moot, too.

## II

## CONCLUSION

For the reasons above, the Court:

(1) DENIES Plaintiff's motion for default judgment (Dkt. # 9);

(2) DENIES as moot Defendants' motion to dismiss/motion to strike (Dkt. # 11); and

(3) DENIES as moot Plaintiff's motion to strike (Dkt. # 12).

Dated this 14th day of July, 2023.

*John H. Chun*

John H. Chun
United States District Judge

ORDER - 4