UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN M. ISAACSON, | CASE NO. 2:23-cv-000351-JHC |
| Plaintiff, | ORDER |
| v. | |
| MARCIA L. FUDGE, Secretary of HUD; JULIA R. GORDON, Assistant Secretary of HUD and Federal Housing Administration Commissioner; and UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | |
| Defendants. | |

# I

## INTRODUCTION

Before the Court is Defendants' Motion to Dismiss. Dkt. # 16. The Court has reviewed the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law. The Court finds that oral argument is unnecessary. Being fully advised, the Court GRANTS the motion.

ORDER - 1

## II

### BACKGROUND

Self-represented Plaintiff Karen M. Isaacson brings this action under the Administrative Procedure Act ("APA"), *see* 5 U.S.C. § 553(b)(2)–(5), (c), and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), seeking "injunctive and declaratory relief from a violation of the Due Process Clause of the Fifth Amendment." Dkt. # 1 at 1 ¶ 1; *see id.* at 16 ¶¶ 78–81. Isaacson brings suit against the United States Department of Housing and Urban Development ("HUD"); Marcia L. Fudge, HUD Secretary; and Julia R. Gordan, HUD Assistant Secretary and Federal Housing Commissioner. *Id.* at 2 ¶¶ 4–6.

Isaacson filed this action on March 6, 2023, contending that HUD violated the APA when it removed the "durability language from 24 C.F.R. 3280.903." *See* 5 U.S.C. § 553(b)(2)–(5), (c); *see* 24 C.F.R. 3280.903 (Manufactured Home Construction and Safety Standards – Transportation – General requirements for designing the structure to withstand transportation shock and vibration); Dkt. # 1 at 3 ¶ 16, 16–17 ¶¶ 78–83. According to Isaacson, she resides in a manufactured home in Woodinville, Washington. Dkt. # 1 at 3 ¶ 15. She contends that, in 2021, HUD "deprived [her] of [her] right to purchase quality, safe, durable[,] and affordable manufactured housing" when it changed this manufactured home regulation. *Id.* at 3 ¶ 16, 9 ¶ 46. Isaacson says that, because of HUD's regulatory changes, if she ever needed to replace her manufactured home "due to it being irreparably damaged from a major earthquake or a tree failing on it[,]" she would have to purchase an inferior manufactured home. *See id.* at 3 ¶ 15. According to Isaacson, because HUD failed to provide her with notice and "the opportunity to give feedback" regarding these regulation changes, it has "erected a barrier" that prevents her from purchasing "'quality, durable, safe, and affordable' housing if [she] ever need[ed] to do so." *Id.* at 4 ¶ 18; *see also id.* at 3 ¶ 16, 10–12 ¶¶ 48–56.

ORDER - 2

Defendants move to dismiss the complaint on two grounds, asserting that (1) Isaacson fails to establish subject matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), and (2) Isaacson fails to state a claim under Rule 12(b)(6). *See* Dkt. # 16 at 1–2.

### III
#### DISCUSSION

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). The "most important" Article III doctrine requires that a litigant have standing to invoke the power of the federal court. *Id.* To establish Article III standing, the burden rests on the plaintiff to "clearly allege facts demonstrating" that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

"To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Article III standing requires a concrete injury even in the context of an alleged statutory violation. *TransUnion LLC v. Ramirez*, 594 U.S. ---, 141 S. Ct. 2190, 2205 (2021) (quoting *Spokeo*, 578 U.S. at 341). It is not enough that "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right" because "an injury in law is not an injury in fact." *Id.* Instead, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* (emphasis in original).

ORDER - 3

Isaacson contends that HUD's "violation of [her] right to due process and . . . right to equal protection satisfies the injury-in-fact 'prong' of Article II standing." Dkt. # 1 at 4 ¶ 17. She states, "HUD has caused me legal harm and [] I am adversely affected and aggrieved in an ongoing manner by HUD's removal of the requirement for durability in manufactured home construction; HUD's action has, among other things, caused me worry and concern for the future[.]" *Id.* at 4 ¶ 19.

Defendants say that Isaacson has failed to allege an injury in fact under Article III standing. Dkt. # 16 at 9–12. They contend that Isaacson's "speculation that if her home is ever irreparably damaged by some act of nature, she will then decide, under unknown future circumstances, to purchase a manufactured home governed by HUD's current rule, is not the type actual or imminent injury that gives rise to standing." *Id.* at 10. Defendants also assert that Isaacson's injury is not "particularized," because she has not demonstrated that changes to HUD regulations have personally harmed her. *Id.* at 11.

Isaacson responds that the Court should consider the rationale set forth in *Yesler Terrace Community v. Cisneros*, 37 F.3d 442 (9th Cir. 2017), and suggests that this case demonstrates that she has standing. Dkt. # 17 at 5. She maintains that because she is "[i]n essence, . . . on the 'waiting list' for a manufactured home[,]" she need not wait for an actual injury to occur before filing suit. *Id.* at 6 (citing cases).

The Court disagrees and concludes that Isaacson has not alleged an injury in fact under Article III standing. In *Yesler Terrace*, public housing tenants, including individual tenant Marla Davison, sought injunctive and declarative relief against HUD based on the agency's determination that Washington state eviction procedures satisfied "the basic elements of due process, thereby allowing public housing authorities in Washington to evict tenants accused of

ORDER - 4

criminal activity without first affording them an informal grievance hearing." *Yesler Terrace*, 37 F.3d at 445. The Ninth Circuit held that plaintiffs demonstrated an injury in fact, in part because "the Seattle Housing Authority served Marla Davison with notice that she would be evicted and that she had no right to a grievance hearing" and the "Housing Authority voluntarily rescinded this notice only after Yesler and Davison brought this action." *Id.* at 446.

By contrast, Isaacson does not allege that she received any notice of adverse action from HUD that might resemble the injury in *Yesler Terrace*. Instead, Isaacson crafts a very different type of allegation under distinct circumstances, alleging that she has been injured because: (1) if she ever needed to replace her manufactured home in the future because of an unforeseen natural disaster, she may need to purchase a theoretically inferior manufactured home; and (2) this has caused her worry and concern for the future. *See* Dkt. # 1 at 3 ¶¶ 15–16, 4 ¶ 19. Unlike in *Yesler Terrace*, Isaacson alleges speculative injuries, reflected in the complaint's conditional and vague language. *See, e.g.*, Dkt. # 1 at 3 ¶ 15 (alleging that Isaacson's home *might* be damaged *if* "a major earthquake or a tree" fell on it). And her allegations about the inferior quality of a future, hypothetical replacement home is similarly speculative. If Isaacson's manufactured home were to suffer from an earthquake or falling tree, perhaps she may seek to replace her home and that home may be inferior, but speculation as to that future and hypothetical injury does not give rise to standing. Further, any worry or concern that Isaacson may be experiencing in anticipation of speculative future events does not constitute an actual or imminent injury in fact. *See, e.g.*, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (fear of a future harm is not an injury in fact unless the future harm is "certainly impending" and "[a]llegations of *possible* future injury"

are not sufficient). Therefore, even when liberally construing the complaint, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Isaacson fails to satisfy Article III standing.[1]

Because Isaacson lacks Article III standing, this Court lacks subject matter jurisdiction and must dismiss this action under Federal Rule of Civil Procedure 12(b)(1) without assessing her claims. *Cetacean Community v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit.") (internal quotation marks omitted)); *Fleck & Assocs., Inc. v. Phoenix, City of, an Arizona Mun. Corp.*, 471 F.3d 1100, 1103 (9th Cir. 2006) ("Because [plaintiff] lacked standing . . . the district court lacked subject matter jurisdiction over the claim and should have dismissed on that basis without discussing the merits.").

## IV

### CONCLUSION

For these reasons, the Court concludes that Isaacson has not met the requirements for Article III standing and DISMISSES the action without prejudice.[2]

Dated this 24th day of October, 2023.

John H. Chun
United States District Judge

---

[1] Because the test for standing is conjunctive and Isaacson has not established a cognizable injury, this order does not continue on to assess (1) whether there is a causal connection between the conduct complained of or (2) whether the "injury" may be redressed. *See Lujan*, 504 U.S. at 560–61.

[2] *See, e.g.*, *Wasson v. Brown*, 316 F. App'x 663, 664 (9th Cir. 2009) ("Because [plaintiff] lacked standing, the district court lacked subject matter jurisdiction to address the merits of his claim and should have dismissed it without prejudice.").