UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAREN M. ISAACSON,<br>　　　　　　Plaintiff,<br><br>　v.<br><br>MARCIA L. FUDGE, Secretary of HUD; JULIA R. GORDON, Assistant Secretary of HUD and Federal Housing Administration Commissioner; and UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br>　　　　　　Defendants. | CASE NO. 2:23-cv-000351-JHC<br><br>ORDER |

Before the court is self-represented Plaintiff Karen M. Isaacson's motion for reconsideration of the court's order granting Defendants' motion to dismiss. Dkt. # 22; *see also* Dkt. ## 21, 16. Having reviewed the motion, pertinent portions of the record, and the governing law, the court DENIES the motion.

"Motions for reconsideration are disfavored," and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). "Reconsideration is an extraordinary remedy," and the moving party bears a "heavy burden." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

ORDER - 1

Isaacson seeks reconsideration of the Court's order, contending that certain cases included in her opposition brief (Dkt. # 17) and motion to reconsider (Dkt. # 22) demonstrate that she has alleged a plausible injury in fact under the Article III standing analysis. The Court disagrees. Although Isaacson has included a variety of non-binding and factually inapposite cases in her briefing, none of these cases allow for a different result. Indeed, by Isaacson's own admission, the injury she alleges is a speculative, "potential" future harm. *See* Dkt. # 22 at 5 ("I do not believe the Court can state unequivocally that weakening regulation does not create a concrete injury, and it is not an abstract harm even if it is only potential."). Although "a person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring," this "risk of harm" must be "sufficiently imminent and substantial." *TransUnion LLC v. Ramirez*, 594 U.S. ----, 141 S. Ct. 2190, 2210 (2021). Isaacson, in contrast, has not established any imminent risk of harm. Because Isaacson's alleged injury is neither actual nor imminent, and is both conjectural and hypothetical, the Court concludes that she has not met her burden to demonstrate that the Court's prior order should be reconsidered.[1]

For these reasons, the court DENIES Isaacson's motion for reconsideration (Dkt. # 22.)

Dated this 31st day of October, 2023.

John H. Chun
United States District Judge

---

[1] In the remaining portions of her motion to reconsider, Isaacson continues to litigate the merits of her claims. Yet because Isaacson lacks Article III standing, this Court lacks subject matter jurisdiction and may not consider her underlying claims. *See* Dkt. # 21 at 6 (citing cases).